MONTGOMERY v. PETERSBURG SAV. & INS. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1895.)

No. 355.

RECEIVERS—COMPENSATION—COUNSEL FEES.

Five thousand dollars *held* a sufficient compensation, under all the circumstances of the case, to a receiver, for operating 13 miles of street rail-

road for about three years and a half; and $2,500 *held* to be adequate counsel fees for services rendered to him during the same period.

**Appeal from the Circuit Court of the United States for the Southern Division of the Northern District of Alabama.**

This was an appeal by J. A. Montgomery from a decree entered in the suits brought by Frank Delatorre and the Mercantile Trust & Deposit Company of Baltimore, trustees, against the Birmingham, Powderly & Bessemer Street-Railroad Company, by which the court below refused to confirm the report of the master awarding additional compensation to the receiver for his own services, and for the services of his attorneys. The property involved in the receivership consisted of a line of street railroad running from a point in the city of Birmingham, Ala., to the city of Bessemer, in the same state, a distance of about 13 miles, with the equipments thereof, and some unimproved outlying real estate several miles distant from Birmingham. The receiver was appointed on March 19, 1891, and has operated the road since that date. On September 29, 1892, a decree of foreclosure was entered, containing directions for a reference to a special master to ascertain and report upon various matters, including a reasonable compensation for the receiver and his counsel. The master reported that a reasonable compensation for the receiver would be $5,000, and for his solicitors, $2,500. On January 11, 1893, a decree was entered which contained this provision: "It is further ordered, adjudged, and decreed by the court that said receiver, J. A. Montgomery, be and he is hereby allowed the sum of $5,000 for his services as such receiver, and that the sum of $2,500 be allowed Messrs. Smith and Lowe for their professional services rendered as solicitors for said receiver." A sale attempted to be made through a special master failed for want of bidders, and the receiver continued to operate the road. On July 16, 1894, a decree was entered, which, among other things, referred the cause to a master to ascertain and report whether the receiver was "entitled to further, and what, compensation for himself and solicitors." The master reported that a reasonable compensation for his services as receiver would be $150 per month from the date of the former allowance, to wit, $2,400, and that a reasonable compensation to Smith & Lowe for their services as attorneys for the receiver during the same time would be $1,500. Upon exceptions to this report the court, on November 9, 1894, held that the previous allowances, made by the decree of January 11, 1893, "were ample and sufficient, taking into consideration the services the receiver and said solicitors had rendered, and all the circumstances of the case, as shown by the evidence, to fully compensate them, and each of them, for all services rendered by them, and each of them, both before the date when said prior allowances were made, and since that date," and the additional allowances were accordingly refused.

J. W. Smith, for appellant.

John B. Tillman and Frank W. Christian, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. This is an appeal by the receiver in the cause of Frank Dalatorre et al. against the Birmingham, Powderly & Bessemer Street-Railroad Company from the decree of the circuit court denying further or additional compensation to him and to his solicitors for services by them rendered to him as such receiver. We agree with the court in the opinion that the allowances theretofore made to the appellant for compensation to him as receiver in said cause, and as compensation to his solicitors for services by them rendered to him as such receiver, are ample and sufficient, taking into consideration the services rendered and all the circumstances of the case. The decree appealed from, so far as affected by this ap-

peal, is therefore affirmed. But, inasmuch as the appellant may have rendered services and incurred expenses as receiver in said cause since the decree appealed from, there should be and is reserved to him the right to apply for compensation for services actually rendered and expenses actually incurred after the date of such decree. Affirmed.